IN THE UNITED STATES DISTRICT COURT
FOR THE __NORTHERN__ DISTRICT OF TEXAS
__FORT WORTH__ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 1 2010
10:48
CLERK, U.S. DISTRICT COURT
by _____ Deputy

__DAMON LEE WOOD, #00590030__
Plaintiff's name and ID Number
__3872 fm 350 south__
__TDCJ-CID.Livingston, TEXAS 77351.__
Place of Confinement

CASE NO: __4-10 CV-826-Y__
(Clerk will assign the number)

v. __PARKER COUNTY -GOVERMENTAL UNIT.__
__JUDGE G. QUESINBERRY, COURTHOUSE, ONE COURTHOUSE__
__SQUARE, WEATHERFORD, TEXAS 76086.__
Defendant's name and address
__JUDGE JERRY BUCKNER-COURTHOUSE, ONE COURTHOUSE__
__SQUARE, WEATHERFORD, TEXAS 76086.__
Defendant's name and address
__DEBRA YAMIKO DUPONT, 119 main street__
__WEATHERFORD, TEXAS 76086.__
Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?    **X** YES  _____ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: __August 10, 2007__

2. Parties to previous lawsuit:
   Plaintiff(s): __DAMON LEE WOOD__

   Defendant(s): __COASTAL BEND COLLEGE, SANDRA GARZA__

3. Court (If federal, name the district; if state, name the county) __BEE__

4. Docket Number: __B-07-1336-CV-B__

5. Name of judge to whom case was assigned: __JOHNSON__

6. Disposition: (Was the case dismissed, appealed, still pending?)
   __Dismissed by trial court, appealed to 13th. dist. court of appeals__

7. Approximate date of disposition: ~~still pending in appellate court.~~ __trial date December 16, 2010__

Case 4:10-cv-00826-Y   Document 1   Filed 11/01/10   Page 3 of 10   PageID 3

Case 4:10-cv-00826-Y   Document 1   Filed 11/01/10   Page 3 of 10   PageID 3

JUNE 28, 2010.

cause #. _____.

Date of Lawsuit: January 24, 2008.           Plaintiff: DAMON LEE WOOD

Defendants: EM MOORE ET AL,

Court: U.S. Federal Dist.-Southern Dist.of TEXAS, Corpus Christi.

Docket #. C-08-055.                Name of Judge: MAGISTRATE OWSELY.

DISPOSITION: Voluntarily withdrawn before answer.

Date of Disposition: March 18, 2008.

---

Date of Lawsuit: ON OR ABOUT JANUARY OR FEBRUARY of 2009, exact date unknown.

Plaintiff: DAMON LEE WOOD.           Defendants: H.M. Davis ET AL.

COURT: U.S. Federal-Northern Dist. of TEXAS, Wichita Falls Division.

Docket #.7:09-CV-045-O.           Name of Judge: Dist. Ct. Reed O'Connor.

Disposition: Dismissed as Moot due to unit transfer as act of Retaliation.

Date of Disposition: August 12, 2009.

---

DATE OF LAWSUIT: ON OR ABOUT MARCH 15, 2010.     Plaintiff: DAMON LEE WOOD.

Defendants: TDCJ-CID's Rehabilitation & Re-Entry Programs ET AL.

Court: U.S.-Eastern Dist.-Beaumont Div.           Docket #. 1:10-CV-182.

NAME OF JUDGE: Magistrate Earl S. Hines.     Disposition: Pending.

Date of Disposition: pending.

---

Date of Lawsuit: On or about February 18, 2010. //   Plaintiff: DAMON L. WOOD

Defendants: NONE. This was a Petition to Perpetuate(Pre-Suit Limited Discovery)

Testimony pursuant to F.R.C.P.27(a)(1)(A-E). Court: U.S.,Eastern Dist.,Lufkin

Div.   Docket #.9:10-CV-22.   Judge(s) Magistrate Gutherie to judge Crone.

Disposition: dismissed for want to prosecute/failure to obey Order. Appealling.

Date of disposition: May 25, 2010.

pg. 2 A.

cause #. _____.

DATE OF LAWSUIT: on or about APRIL 15, 2010.   Plaintiff: DAMON L. WOOD.

DEFENDANTS: SIMMONS/HURSCH ET AL.

COURT: U.S. DISTRICT -EASTERN DIST. OF TEXAS-LUFKIN DIVISION.

DOCKET #. 9:10-CV-53.            NAME OF JUDGE: Mag. GUTHERIE/CRONE.

DISPOSITION: dismissed for failure to adequately exhaust administrative remedies ( WITHOUT PREJUDICE).CURRENTLY BEFORE the fifth circut court of APPEALS.

DATE OF DISPOSITION: On or about August of 2010.(motion for Reconsideration was filed within ten (10) days of order to dismiss.

page two A (2-A).

II. **PLACE OF PRESENT CONFINEMENT:** 3872 F.m. 350 South, Livingston, TEXAS 77351.

III. **EXHAUSTION OF GRIEVANCE PROCEDURES:**              on one so far.

Have you exhausted both steps of the grievance procedure in this institution? **X** YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system. : GRIEVANCE procedure is before the TEXAS COMMISSION ON JUDICIAL CONDUCT, all have been denied and appeals have been taken against three judges, mark riley's complaint sits before them now.

IV. **PARTIES TO THE SUIT:**

A. Name of address of plaintiff: DAMON LEE WOOD, 3872 f.m. 350 south, Livingston, TEXAS 77351.

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: GRAHAM QUISENBERRY, present Dist. Court judge, Former County Court at law judge. 415 Dist.Court-Parker Co.. Courthouse, One courthouseSquare, Weatherford, Tx. 76086.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Accepted & approved transfer of trust matter case knowing he DID NOT HOLD the required JURISDICTION to do so. Cost me my trust fund. Refused to re-transfer case to district court.

Defendant #2: MARK RILEY-present constitutional county judge-CCC- ONE COURTHOUSE -ONE COURTHOUSE SQUARE, WEATHERFORD, TEXAS 76086.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you. : transferred a contested testamentary trust matter to a court that he knew did not hold the required subject matter jurisdiction to accept, hear or rule on any matter.violated WOOD's 1,5,14 amended rights.

Defendant #3: DEBRA DUPONT, former county court at law #1 judge, current attorney, Law office of DEBRA YANIKO DUPONT, 119 Main Street, Weatherford, TEXAS 76086.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you. Held onto a TRUST MATTER that she knew that she held NO subject matter jurisdiction over, refused to transfer case on her own initiative. Cost me my trust fund.

Defendant #4: JERRY BUCKNER, present County Court at Law #1 judge in parker Co.. County court at law judge. Courthouse, One Courthouse Square, Weatherford, TX. 76086.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you. Held onto a trust matter that he knew he held no jurisdiction to x do. Refused to transfer case, illegally granted settlement agreement of trust issues, cost me my trust fund.

Defendant #5: PARKER COUNTY, Governing body, 117 Fort Worth Highway, WEATHERFORD, TEXAS 76086.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
Allowed its official to conduct unprofessional " Politics as usual " business within itsxcourts without any judicial oversight or reviews of the court business that is taking place to ensure that Collussion-istic favors/acts are not being committed by its locally elected judiciary. ALLOWED county officials to ignore APRIL & MAY 2009 filings by WOOD inorder to prevent the reopening of this case, in violation of WOOD's 1st.,5th., & 14th. amended constitutional rights to access to courts, a redress before the courts, due process & due course of law, that has resulted in multiple irreparable harms, x in violation of WOOD's 8th. amended right.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. On MARCH 06, 1991, JAMES DON WOOD & JUDY GAIL WOOD both retained a probate attorney to create their last wills and testiment which provided that the majority of their estates would be placed into a trust for their son DAMON LEE WOOD (hereinafter WOOD) which was to include the majority of their cash & cash like assets , as well as their personal and community properties that made up their estates. On FEBRUARY 15, 1998, JAMES & JUDY WOOD were involved in a headon collission with an eighteen wheeler, JAMES D. WOOD died instantly, and JUDY G. WOOD was seriously hurt, but also died on APRIL 01, 1998 during an emergency surgery. On or about THE same day, APRIL 01, 1998, the elected independant executor of the estate of JUDY G. WOOD, retained attorney GARY F. WESTENHOVER to probate the case and the wills were

continued on page 4 A .

VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes. . WOOD seeks to recover the entire trust fund amount that he would have received had these violations not been committed; to receive the standard six (6%) percent amount of interest allowed by the court outside of the trust; to receive three times actual damage(punitive) of the amount of both the trust & interest; to have all other trust cases probated by these judges reopened & re-tried.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

DAMON LEE WOOD.

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

# 00458906; # 00590030.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  XXX NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____ N A _____
2. Case Number: _____ N-A _____
3. Approximate date sanctions were imposed: N-A
4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

cause #._____.

filed and admitted for probate in the CONSTITUTIONAL COUNTY COURT of PARKER COUNTY, TEXAS. On MAY 14, 1998 MARCUS P. BOLDT(hereinafter BOLDT), who is the elected independent executor of the estate of JUDY G. WOOD filed a motion to probate as MUNIMENT OF TITLE the estate of JAMES DON WOOD, within the same consitutional county court of PARKER County, TEXAS ( hereinafter CCC ). On DECEMBER 30, 1998, presiding judge judge of the CCC granted said motion for muniment of title.

ON APRIL 29, 1999, BOLDT filed a petition for declaratory judgement concerning the TRUSTFUND, TRUST MONIES & TRUST PROPERTIES that involved the majority of the estates of JAMES & JUDY WOOD. ON MAY 19,1999 WOOD FILED his counter petition for declaratoru judgement. ON MAY 19,1999 WOOD filed a motion to transfer the case to a court of competent JURIS JURISDICTION, and on DECEMBER 06, 1999, the STATUTORY COUNTY COURT AT LAW # 1 (hereinafter CCL) sent WOOD a letter of receipt of transfer of the CONTESTED TRUST ISSUES into its court. On or about JUNE off 2004, a " FAMILY SETTLEMENT AGREEMENT WAS SIGNED BY WOOD & BOLDT, which was subject to the consent of the court and contingent on the attorneys from both parties filing a declaratory judgement appointing one attorney as the TRUSTEE of the WOOD TRUST, inorder that property could be sold (as in stock in BELL SOUTH) to pay off delinquent taxes, sell surface property and fund trust.(After years of complaining that the CCL was refusing to stop the illegal liquidation of trust properties and other assets, WOOD was forced into the settlement agreement). AFTER WOODS' attorney -JOHN CARROLL OSBORNE refused to perform his duties as

page 4 A.

continued on Pg. 4B.

cause #._____.

as trustee, WOOD fired said attorney and pursued his case further against BOLDT PRO SE,. ON MARCH 03, 2008, the CCL allowed JOHN.C. OSBORNE to withdraw as attorney and trustee and granted him a fourty (40%) percent stake in WOODS' trust fund. On MARCH 04 of 2008, the CCL DISMISSED WOODS' case with prejudice and WOOD appealed to the SECOND DISTRICT COURT OF APPEALS in FORT WORTH, which granted in favor of WOOD by VACATING all orders of court that involved the trust issues of the probate case and cited that the COUNTY COURT AT LAW # 1 held WOODS' case in their court for over eight and a half ( 8½ ) years without subject matter jurisdiction over the entire contested case that involved TRUST ISSUES ONLY. THUS, the CCL over a period of eight and a half years, and spanding three seperate JUDGES over the same court and case violated WOODS' constitutional rights to:access to the courts(of COMPETENT Jurisdiction)-1st. amended right;to DUE PROCESS OF LAW & DUE COURSE OF LAW under the 5th. & 14th. amended constitutional right ; as well as violating WOODS' right to be free from CRUE & UNUSUAL PUNISHMENTS by the CCL IGNORING all of WOODS letters & motions to the court, and by originally accepting the transfer of the case into the CCL by the CCC knowing that the CCL never had nor held the subject matter jurisdiction to receive, hear or rule on any motion, petition, pleading or objection, or any other court filing concerning the CONTESTED TRUST ISSUES.! FURTHER, the CCC violated WOODS' rights of DUE PROCESS & DUE COURSE OF LAW by originally transferring a case to a court that it knew held no subject matter jurisdiction over, but did so, so that the executor could plunder the estates of both JAMES & JUDY WOOD, in violation of the probated wills of both. Wood asserts that all absolut judicial immunity to liability has been waived.

page 4 B.

C. Has any court ever warned or notified you that sanctions could be imposed? ___ YES _XX_ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed warning (if federal, give the district and division): __N-A__
   2. Case number: __N-A__
   3. Approximate date warning were imposed: n-a

Executed on: ~~SEPTEMBER~~ w/D October 26, 2010.
(Date)

DAMON LEE WOOD, PRO SE.
(Printed Name)

_(Signature of Plaintiff)_

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this 26th day of ~~SEPTEMBER~~ w/D October, 20 10.
(Day)            (Month)              (Year)

DAMON LEE WOOD, PRO SE.
(Printed Name)

_(Signature of Plaintiff)_

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.

ATC 1983 (Rev. 04/06)                Page 5 of 5

DAMON WOOD#00590030
polunsky unit
3872 fm 350 south, ~~livingston~~
livingston, texas 77351.

PLEA
suspend

TO: COURT CLERK-U.S. District Court, NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
501 west 10th. STREET, 310
FORT WORTH, TEXAS 76102-3673.

